IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDWIN ESTANGLEY GARCIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:20-cv-155 (TES) (CHW) |
| | : | |
| Doctor OSEGBUE OBASI, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

For the reasons discussed below, it is **ORDERED** that Plaintiff's motions for sanctions (Docs. 32, 33), motion for counsel (Doc. 36), and motion to withdraw document (Doc. 37) are **DENIED**, and that non-party Merilien's motion for protective order (Doc. 38) is also **DENIED**. It is further **RECOMMENDED** that the Defendants' motion to dismiss for abuse of judicial process (Doc 44) be **DENIED**. Finally, and as set out in greater detail below, the Defendants' motion for extension of time (Doc. 45) is **GRANTED**.[1]

## BACKGROUND

This Section 1983 action arises from Plaintiff Edwin Estangley Garcia's claims of deliberate indifference to multiple arm fractures sustained during a slip-and-fall incident in September 2019. *See* (Docs. 1-9, 1-10) (pictorial evidence). The issues involved are relatively straightforward. Plaintiff contends that the defendants' delays in securing Plaintiff's transfer to a hospital, along with their failure to inform Plaintiff of the need for pre-surgery fasting, in turn delayed Plaintiff's surgery date. *See* (Doc. 5, pp. 6–7). Plaintiff also contends that the defendants offered inadequate pain medication and no post-surgical therapeutic care.

---

[1] Plaintiff's motion for summary judgment (Doc. 25) shall, at present, remain pending before the Court.

1

## PENDING MOTIONS

Despite the straightforward nature of this case, merit-based litigation has to date been frustrated due partly to an apparent language barrier (Plaintiff is a Spanish speaker), and due partly to excessive litigiousness. Five motions filed by Plaintiff are pending before the Court at this time. They include a request to appoint counsel (Doc. 36), which is **DENIED**,[2] and a motion to withdraw two previously filed documents (Doc. 37), which is also **DENIED**. The documents in question pertain to a contingency fee arrangement made between Plaintiff and another prisoner, Jean Jocelyn Merilien, Plaintiff's jailhouse translator and lawyer. *See Johnson v. Avery*, 393 U.S. 483 (1969) ("if [illiterate or poorly educated] prisoners cannot have the assistance of a 'jailhouse lawyer,' their possibly valid constitutional claims will never be heard in any court").

Merilien has specially appeared in his own right to file a motion for protective order to shield him from a deposition[3] based on the assertion that he requires a Haitian Creole translator. (Doc. 38). That assertion is unfounded given Merilien's involvement as the draftsman of Plaintiff's filings in this case. *See* (Doc. 36, p. 1) ("Inmate Jean Jocelyn Merilien … writes motion[s] and other pleadings"). Because Merilien offers no good cause for the issuance of a protective order under Rule 26(c), Merilien's motion is **DENIED**.

The Defendants have expressed concern that even with the assistance of Merilien (who speaks only English and Haitian Creole or French), Plaintiff may not fully comprehend the nature of the filings made on his behalf in this action. *See* (Mot. to Dismiss, Doc. 44, n. 2). Some of those filings, in their nature, border on abusiveness. For example, Plaintiff has filed two motions for

---

[2] The appointment of counsel in a civil action is a privilege justified only by exceptional circumstances, such as complexity of legal issues, that are not present in this case. *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985).

[3] It is hardly clear that Merilien's testimony will significantly further the resolution of Plaintiff's claims on their merits, but given the inclusive standard of relevance, the Court previously granted the Defendants' request to depose Merilien. (Doc. 31). *See United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("The standard for what constitutes relevant evidence is a low one").

discovery sanctions (Docs. 32, 33), but the Court previously instructed Plaintiff to attempt to resolve any discovery dispute by conferring meaningfully and in good faith with counsel for the defendants. *See* (Doc. 31, pp. 1–2) (citing Rule 37(a)(1)). There is no indication that Plaintiff has so conferred. Similarly, the Court previously noted with approval the defendants' ongoing efforts to produce discovery answers and materials in response to Plaintiff's discovery requests. (Doc. 31, p. 2). Notwithstanding the Court's approval, Plaintiff now asks the Court to strike the defendants' responses as inadmissible, and to enter default judgment in Plaintiff's favor. (Doc. 32, p. 3). Plaintiff also asks that his own deposition, which the Court authorized (Doc. 5, p. 15), be deemed inadmissible. (Doc. 33, p. 4). There is no cause for these drastic sanction measures, and accordingly, Plaintiff's motions for discovery sanctions (Docs. 32, 33) are **DENIED**.

There is similarly no cause to dismiss this case for abuse of judicial process. In the absence of alternative assistance from the Georgia prison system, Plaintiff's resort to Merilien as a jailhouse lawyer and translator is "a necessary means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Shaw v. Murphy*, 532 U.S. 223, 231 n.3 (2001) (internal quotations omitted). For reasons highlighted by the defendants — Plaintiff's language limitations and the resulting possibility that Plaintiff may "not understand the contents of pleadings that he is signing" (Mot. to Dismiss, Doc. 44, n. 2) — it is not at all clear that any abusiveness on the part of Merilien can fairly be attributed to Plaintiff. Even if it could, however, the federal courts maintain a "strong preference for deciding cases on the merits," *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014), and that preference holds true here. It is therefore **RECOMMENDED** that the Defendants' motion to dismiss for abuse of process (Doc. 44) be **DENIED**.

**SCHEDULING ORDER**

The various motions disposed of above are ultimately distractions from the merits of this case. The discovery period has closed, and this case is due for resolution by dispositive motion or trial. To that end, the Defendants' motion for an extension of time (Doc. 45) is **GRANTED** as follows. The Defendants are **DIRECTED** to file any written response to Plaintiff's motion for summary judgment **within 30 days of the date of this order**. The Defendants are also **DIRECTED** to file any motion for summary judgment of their own **within 30 days of the date of this order**, with Plaintiff's response and Defendants' reply to follow as provided in this Court's Local Rules.

**CONCLUSION**

For the reasons explained herein, Plaintiff's motions for sanctions (Docs. 32, 33), for appointment of counsel (Doc. 36), and to withdraw (Doc. 37) are **DENIED**. Non-party Merilien's motion for protective order (Doc. 38) is **DENIED**. The Defendants' motion for extension of time (Doc. 45) is **GRANTED**. Finally, it is **RECOMMENDED** that the Defendants' motion to dismiss (Doc. 44) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

    **SO ORDERED and RECOMMENDED**, this 28th day of April, 2021.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge
