# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **EDWIN ESTANGLEY GARCIA,** *Plaintiff,* v. **OSEGBUE OBASI,** *et al.*, *Defendants.* | **CIVIL ACTION NO.** **5:20-cv-00155-TES-CHW** |

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
### TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Plaintiff Edwin Estangley Garcia's Motion to Appeal *In Forma Pauperis* [Doc 80].

**A.** <u>***In Forma Pauperis* Standard**</u>

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Similarly, Appellate Rule 24(a) provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> . . .
> If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. R. 24(a)(1)–(2).

Thus, pursuant to both provisions, the district court may authorize an appeal of a civil action without prepayment of fees if (1) the party submits "an affidavit that includes a statement of all assets," describes the nature of the appeal, and declares the affiant's belief in his entitlement to redress; and (2) the appeal is taken in good faith. 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a).

### B.    Plaintiff has Shown Inability to Pay the Filing Fee

First, the Court must determine whether Plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff claims to have no assets or income and that he has no money in his prison trust fund account. [Doc. 80, pp. 1–2, 4]. He is also unemployed. [*Id.* at p. 1]. Based on these claims, Plaintiff has shown the Court that he cannot pay the appellate filing fee.

### C.    Plaintiff's Appeal is Arguably Not Taken in Good Faith

Next, the Court considers whether the appeal is brought in good faith. An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in

good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Here, Plaintiff seeks appellate review of the Court's adoption of the United States Magistrate Judge's recommendation to grant Defendants' summary-judgment motion on the grounds that Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act. *See* [Doc. 57], [Doc. 75, pp. 6–13], [Doc. 78].

Although not specifically addressed in the Court's Order [Doc. 78] that adopted the Report and Recommendation [Doc. 75], Plaintiff argues *in his Objection* [Doc. 77] that a prison official, Mr. William David Hogan, "deliberately misinformed" him of a new rule that federal courts no longer required exhaustion of administrative remedies before filing a lawsuit because of the Covid-19 pandemic. [Doc. 77, pp. 1–7]. While misrepresentation is one of the three circumstances that may render administrative remedies unavailable, Plaintiff did not proffer this excuse to the magistrate judge as a reason for his failure to exhaust. *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1355 (11th Cir. 2020) (citing *Ross v. Blake*, 136 S.Ct. 1850, 1853–54, 1859–60 (2016)).

Because Plaintiff's misrepresentation excuse was not first proffered to the magistrate judge for consideration, the Court exercised its discretion and declined to address it. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). Thus, because Plaintiff failed to make the claim, *see Geter*, that his administrative remedies were unavailable to him, *see Ross*, while his case was pending before the magistrate judge, raising such a claim in his Objection and now as basis for his appeal runs afoul to the discretionary leeway permitted to district courts when reviewing recommendations from magistrate judges. *Geter*, 947 F.3d at 1356 (noting that "a proper *Turner* analysis of exhaustion after *Ross* requires the plaintiff to *allege* a grievance procedure is unavailable to him *in response* to the defendant's affirmative defense of failure to exhaust[]") (emphasis added); *Ross*, 136 S.Ct. 1859–60; *Williams*, 557 F.3d at 1292; *see also Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008); *see generally* [Doc. 61].

In adopting the magistrate judge's Report and Recommendation, the Court reviewed de novo the parties' exhaustion-related arguments as they were presented to the magistrate judge, and it agreed that Plaintiff had indeed failed to exhaust. [Doc. 78, pp. 1–4]; 28 U.S.C. § 636(b)(1). And, because exhaustion is similar to a jurisdictional defense in that it "is a matter in abatement, and ordinarily does not deal with the merits" of a case, the Court adopted the Report and Recommendation "insofar as it

4

conclude[d] that Plaintiff failed to exhaust his administrative remedies." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008); [Doc. 78, p. 2 (discussing that "the merits of Plaintiff's deliberate indifference claim need not be considered")]. This ultimately disposed of Plaintiff's claim. Thus, because Plaintiff did not claim that his administrative remedies were unavailable due to misrepresentation to the magistrate judge first, Plaintiff appears to—based on *Williams v. McNeil, supra*—be advancing a frivolous claim or argument regarding Mr. Hogan's alleged statement. 557 F.3d at 1292; *Coppedge*, 369 U.S. at 445; [Doc. 77, pp. 1–7]. In short, because the magistrate judge didn't first have the opportunity to conduct a proper *Turner* analysis for Plaintiff's claim of unavailability, the Court finds that one could argue that an appeal related to exhaustion of administrative remedies on the basis that they were unavailable is not taken in good faith. *Geter*, 947 F.3d at 1356. However, the Court will give Plaintiff the benefit of doubt and allow him to proceed *in forma pauperis* on appeal.

For this reason, the Court **GRANTS** Plaintiff Edwin Estangley Garcia's Motion to Appeal *In Forma Pauperis* [Doc 80]**.**

**SO ORDERED**, this 26th day of August, 2021.

/s/ Tilman E. Self, III\
**TILMAN E. SELF, III, JUDGE**\
**UNITED STATES DISTRICT COURT**